## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Anna L Miranda, *on behalf of herself and all others similarly situated,*

*Plaintiff,*

v.

CACH LLC,

and

Daniels Norelli Scully & Cecere, P.C.

*Defendants.*

**COMPLAINT**  1:15-CV-0627 (LEK/RFT)

*Jury Trial Demanded Hereon*

Plaintiff Anna L Miranda, on behalf of herself and all others similarly situated, for her complaint, alleges as follows:

### NATURE OF ACTION

1.     This class action seeks to vindicate the rights of New York consumers who received false and deceptive state court summonses from the high-volume collection law firm of Daniels Norelli Scully & Cecere, P.C. in state court consumer collection actions brought in this District, in which Daniels Norelli Scully & Cecere, P.C. represented debt buyer, CACH LLC.

2.      Specifically, Defendants' boilerplate state court summonses falsely informed consumers that their time to file an answer or otherwise move in response to

the state court collection actions filed against them was significantly shorter than it really was.

3.      These misstatements are clearly material because they misinform consumers as to important legal rights they have in state court collection actions, and can influence a consumer's decision or ability to challenge a debt, and might reasonably prompt a consumer – operating under a false sense of urgency with regard to his or her time to put in an answer – to settle rather than litigate.

4.      Defendants' false and unfair misrepresentations violate the Fair Debt Collection Practice Act (FDCPA)   15 USC §§ 1692, *et seq.*, which was designed to prohibit precisely these sorts of abusive, deceptive, or unfair debt-collection practices, as well as New York General Business Law § 349.

**JURISDICTION AND VENUE**

5.      This Court has federal question jurisdiction under 15 USC § 1692k(d) and 28 USC § 1331.

6.      Declaratory relief is available per 28 USC §§ 2201 and § 2202.

7.      The Court has ancillary jurisdiction to determine any state law claims per 28 USC § 1367.

8.      Venue is proper in this district per 28 USC § 1391, as plaintiff lives in this

district and the acts and transactions that give rise to this action

occurred, in substantial part, in this district.


9.      Venue is also proper in this district because defendant conducts business in

this district and the injury occurred in this district.


## PARTIES

*Named Plaintiff*

10.     Named Plaintiff Anna Miranda has at all relevant times been a resident  of

Schenectady County, New York State.


11.     Ms. Miranda is a "consumer" as that term is defined at 15 U.S.C. § 1692a(3).


12.     Ms. Miranda was sued in a consumer collection action titled *CACH LLC v.*

*Miranda* (2072-cv-14) (Schenectady City Court) (the "State CourtAction").


13.     In that State Court Action, CACH LLC ("CACH") was represented at all

relevant times by Daniels Norelli Scully & Cecere, P.C. ("Daniels Norelli").

*Defendants*

14.     Upon information and belief, at all relevant times, Defendant CACH has been:

  a. a limited liability company  organized and existing under the laws of Colorado authorized to do business in New York State  with a principal place of business at Denver, Co;

  b. a "debt collector" as that term is  defined in the FDCPA;

  c. in the business for profit of buying defaulted consumer debt owed to others and collecting it by use of the mail, telephone, and the courts of New York and other means of interstate commerce.

15. CACH hired Daniels Norelli and directed and/or accepted for its own benefit without protest Daniels Norelli's actions taken on CACH's behalf.

16. Upon information and belief, at all relevant times, Defendant Daniels Norelli has been:

  a. a professional corporation organized and existing under the laws of  New York State  with a principal place of business in Nassau  County, New York State;

  b. a "debt collector" as that term is  defined in the FDCPA;

    c.   in the business for profit of collecting consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce.

17.    Daniels Norelli worked on behalf and at the direction of CACH;

## NAMED PLAINTIFF'S EXPERIENCES

*The Lawsuit*

18.    Sometime before June 2014, CACH bought an alleged defaulted consumer debt in Ms. Miranda's name from HSBC Consumer Lending USA Inc/Beneficial ("debt" or "the debt").

19.    Whether or not the alleged debt was really Ms. Miranda's, it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes; hence it is a "debt" as that term is defined by the FDCPA.

20.    CACH subsequently starting pursuing payment of the debt, *inter alia*, by hiring Daniels Norelli and instructing it to sue Ms. Miranda.

*The Summons*

21.     On or about June 19, 2014, Daniels Norelli commenced the State Court

        Action to collect the debt for CACH by filing a summons and complaint in the

        Schenectady City Court.

22.      A true copy of the summons Daniels Norelli filed against Ms. Miranda on

        behalf of CACH is attached hereto at <u>Exhibit A</u> ("Summons").

23.     The Summons contains the following language:

        "YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR IN

        COURT OF THE , OF, AT THE OFFICE OF THE CLERK OF SAID

        COURT AT <u>City Hall Room 216, Jay Street, Schenectady NY 12305,</u>  IN

        THE COUNTY OF , STATE OF NEW YORK, BY SERVING AN

        ANSWER TO THE ANNEXED COMPLAINT UPON PLAINITFF'S

        ATTORNEY, AT THE ADDRESS STATED BELOW, OR IF THERE IS NO

        ATTORNEY, UPON PLAINTIFF, AT THE ADDRESS NOTED ABOVE,

        WITHIN THE TIME PROVISION PROVIDED BY LAW AS NOTED

        BELOW."

        <u>Exhibit A</u>.

24.     The Summons further states:

NOTE: The law provides:

(a)  If this summons is served by its delivery to you personally within the COUNTY OF SCHENECTADY you must appear and answer within TEN days after such service; or

(b) If this summons is served by delivery to any person other than you personally or is served outside the COUNTY OF SCHENECTADY or  by publication or by any means other than personal delivery to you within the COUNTY OF SCHENECTADY you are allowed THIRTY days after proof of service is filed with the clerk of this court within which to appear and answer."

25.     According to records filed in the Schenectady City Court by Defendants, Ms. Miranda was alleged to have been served pursuant to CPLR § 308(2), by delivery of the summons to an unnamed person of suitable age and discretion at her residence on June 27, 2014, followed by the filing of the affidavit of service with the City Court Clerk on July 9, 2014.

26.     A true copy of the affidavit of service alleging service and filing is attached to this as Exhibit B.

27.     The summons was signed by Mr. Ira Sitzer, who is an attorney licensed to practice in New York State.

28.     Mr. Sitzer is employed by Daniels Norelli, and signed the summons in the regular course of his employment.

29.     By signing the summons, Mr. Sitzer (on behalf of Daniels Norelli and its client, CACH) certified that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the summons or the contentions therein were not frivolous as defined in section 130-1.1(c) of 22 NYCRR, e.g., Defendants certified that the summons did not contain a false statement of material fact.  See 22 NYCRR §130.1-1(a) and (c).

30.     This certification was false.

31.     Pursuant to applicable law (CPLR § 308(2), UCCA §402(b)) service was not, as stated in the Summons, due 30 days "after proof of service is filed with the clerk of court" but rather, 30 days after service was complete.

32.     As a matter of law, service was not complete upon filing with the clerk of court, but only ten (10) days after any such filing.

33.     The summons thus contained a false statement regarding the time Ms.

Miranda had to answer the summons and complaint.

34.     Notably, the wording of the summons contradicts that prescribed by the Chief

Administrator of the City Courts outside New York City at 22 NYCRR §

210.6(c) , a true copy of which is attached at Exhibit C, of which Plaintiff asks

the Court to take notice.

35.     Defendants knew or should have known that the summons did not comply

with or adequately disclose the law, but used the summons in the form set

forth at Exhibit A anyway.

36.     Upon information and belief, Defendants use the summons in the same form

and style as Exhibit A every time they commence legal action against

consumers in this District.

37.     Upon information and belief, defendants have commenced at least 325 legal

actions against consumers in this District in 2014 alone.

*The Letter*

38.     On July 18, 2014, in furtherance of defendants' attempt to collect this alleged

debt from Ms. Miranda, Daniels Norelli sent her a letter ("Letter").

39.    The Letter's  third and fourth decretal paragraphs state:

"Your time to answer the Summons and Complaint is limited. Failure to answer the Summons and Complaint or to amicably resolve this matter may result in the entry of a default judgment against you.

You are encouraged to contact this office by 08/01/2014 so that we may discuss settlement and payment options. "

40.    The Letter was sent before service of the summons was complete and before Ms. Miranda's time to answer had even started to run.

41.    Upon information and belief, defendants routinely send this or similar form letters to consumers when they sue consumers in this District.

42.    Although use of the Summons containing the false statements regarding a consumer's time to answer is, in and of itself, unlawful, use of the letter demonstrates one way in which Defendants have sought to leverage the false statements found in the Summons in subsequent communications with consumers.

**CLASS ALLEGATIONS**

43.    The plaintiff, Anna Lisa Miranda, brings this action on behalf not only of herself, but also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

44.     Plaintiffs seek to represent the following  class and two (2) subclasses  defined

as follows:

      a.     The Class:

              (i)    Natural persons;

              (ii)   who were sued by CACH;

              (iii)  in a state court consumer collection action;

              (iv)  brought in the Northern District of New York;

              (v)   in an action in which Daniels & Norelli represented

                      CACH;

              (vi)  and in which a summons sent to the state court

                      defendant misdescribed the state court

                      defendant's time to answer by stating, in relevant

                      part:  "If this summons is served by delivery to

                      any person other than you personally or is served

                      outside the COUNTY [_____] or  by

                      publication or by any means other than personal

                      delivery to you within the COUNTY OF

                      [_____] you are allowed THIRTY days

                      after proof of service is filed with the clerk of

                      this court within which to appear and answer."

      b.     The FDCPA Subclass

              (i)    all those who meet the class criteria set forth above

                      at paras. 44 and who, in addition, were sent said

Summons within one year of the initiation of the
instant class action.

c.     The NYGBL § 349 Subclass:

(i)   all those who meet the Class definition set forth
above at paras. 44 and who, in addition, were
sent said Summons within three years of the
initiation of the instant class action.

45.     All members of the Class are also members of one or both of the two
subclasses.

46.     Excluded from the Class and subclasses are:

a. anyone who was alleged to have been served by in-hand
personal service pursuant to CPLR § 308(1);

b. anyone employed by counsel for Plaintiff in this action; and

c. any Judge to whom this case is assigned, as well as his or her
immediate family and staff.

<u>Numerosity</u>:

47.     The Summons at issue in this case is a boilerplate document whose language
does not materially vary from one action to the next, and which, upon
information and belief, was sent by Defendants to hundreds, and possibly
thousands, of consumers.

48.     The Class and subclasses include hundreds, and possibly thousands, of members and are sufficiently numerous that joinder of all members is impractical.

49.     Although the exact number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Plaintiffs' records.

Existence And Predominance Of Common Questions:

50.     Common questions of law and fact exist as to Plaintiffs and all members of the Class and predominate over questions affecting only individual Class members.

51.     These common questions include:

a.   whether the Summons misrepresented the law regarding a state court consumer collection action defendant's time to answer , and more specifically, whether the Summons impermissibly stated a shorter time to answer than provided for under applicable state law;

b.   whether such false, misleading and deceptive acts were  material in nature.

    c.   whether Defendants engaged in unfair and/or deceptive debt collection practices in violation of the FDCPA and/or GBL § 349.

    d.   whether Plaintiff and the other Class members are entitled to statutory damages, costs and attorney's fees under the FDCPA.

    e.   whether Plaintiff and the other Class members are entitled to damages of $ 50 each, costs and attorney's fees under GBL § 349.

<u>Typicality</u>:

52.    Plaintiffs' claims are typical of the claims of the Class because, among other things, Plaintiff was

    (i)     sued by CACH;

    (ii)    in a state court consumer collection action;

    (iii)   brought in the Northern District of New York;

    (iv)   in which CACH, represented by Daniels Norelli, was the state court plaintiff; and

    (v)    in which a Summons containing the relevant false boilerplate was sent to her.

53.    Thus, plaintiff's claims – based on the same boilerplate misstatements of law as the claims of all other class members -- are typical of the claims of the class.

54.     Put differently, all of the claims are based on the same factual and legal theories and the plaintiff, together with each class member, have been subjected the same false and deceptive communications and acts by Defendants.

Adequacy:

55.     Plaintiff will fairly and adequately represent the interests of the class members. Her interests do not conflict with the interests of the members of the Class she seeks to represent.

56.     Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this plaintiff and her counsel will not vigorously pursue this matter.

Superiority:

57.     The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

58.     The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

59.     Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

60.     Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

61.     By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

62.     In the alternative, the Class may be certified because:

(a)     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## COUNT I
*(Violation of the Fair Debt Collection Practices Act)*

63.     Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

64.     Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

65.     A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

66.     Such a prohibition includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

67.     Such a prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

68.     A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

69.     Defendants violated the FDCPA by sending out the Summons in its attempt to collect from Plaintiff and all others similarly situated because this conduct:

    a.  Misrepresents the character, amount, or legal status of the debt in violation of 15 USC §1692e(2)( A) ;

    b.  Falsely represents that the consumer has 30 days from the date of filing of proof of service to answer the summons and complaint, when -- under applicable law -- the consumer has 30 days from the

date service is complete, and service is not complete until 10 days

after the affidavit of service is filed.  *I.e.*, Defendants falsely stated

in the Summons that consumers' time to answer was 10 days

shorter than provided for under applicable law --  in violation of 15

USC §§ 1692(e),  1692(e)(2)(a), 1692(e)(5) and 1692(e)(10).


c.  Falsely, unfairly and unconscionably misstates the law in the

Summons regarding consumers' rights to answer the State Court

complaint, in violation of 15 USC § 1692f.


70.   As a result of Defendant's violations of the FDCPA, Plaintiff and the Class

are entitled to declaratory judgment, statutory damages, costs and attorneys'

fees pursuant to 15 U.S.C. § 1692k.


**COUNT II**
(New *York State General Business Law § 349*)

71.   Plaintiffs hereby repeats and re-alleges and incorporates by reference all

foregoing paragraphs.


72.   Each of the deceptive acts and practices set forth above, including but not

limited to each deceptive act and practice set forth in the First Cause of Action

was committed in the conduct of business, trade, commerce or the furnishing

of a service in this state and constituted a violation of § 349 independent of

whether it also constituted a violation of any other law.

73.     Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

74.     Specifically, and without limitation, as set forth herein, Defendants falsely stated in the Summons that the state court defendant's time to answer was 10 days shorter than provided for under applicable law.

75.     These misstatements misinform consumers as to important legal rights they have in state court collection actions; may influence a reasonable consumer's decision or ability to challenge a debt; and might reasonably prompt such a consumer – operating under a false sense of urgency with regard to his or her time to put in an answer – to settle rather than litigate.

76.     By making these misstatements with regard to the rights of consumers in state court collection actions, Defendants have impaired the exercise of those rights.

77.     Plaintiff and all others similarly situated have been damaged thereby.

78.     Upon information and belief the defendants' conduct as set forth herein has been frequent, intentional, and persistent.

79.    As a result of Defendant's violations of § 349, Plaintiff and each other member of the NYGBL§ 349 subclass are entitled to declaratory judgment; damages of $50 each, costs and attorneys' fees.

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A.   An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing her attorneys as Class Counsel;

B.   A judgment declaring that Defendant has committed the violations of law alleged in this action;

C.   Statutory damages pursuant to the FDCPA;

D.   $50 per class member pursuant to NYGBL § 349.

E.   An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA and NYGBL § 349; and

F.   Such other and further relief that may be just and proper.

*[rest of page intentionally left blank]*

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

DATED:

s/ Anthony J. Pietrafesa

_____

ANTHONY J PIETRAFESA ESQ. (102368)
210 Bell Court
Schenectady NY 12303
T. 518.218.0851
F. 518.514.1241
ajp@ajp1law.com

s/ Daniel A. Schlanger

_____

DANIEL A. SCHLANGER, ESQ.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville NY 10570
T.  914.946.1981, ext. 101
F.  914.946.2930
daniel.schlanger@schlangerlegal.com

*ATTORNEYS FOR PLAINTIFF*

VERIFICATION

New York State        }
Albany  County       } ss:

Anna Miranda, being duly sworn, deposes and says: I am the defendants in this action, I have read the answer, and the factual allegations contained in the answer are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.

s/ Anna Miranda
_____
Anna Miranda

Sworn to and Subscribed
Before me on  5/1/2015

s/ Anthony J Pietrafesa
_____
Notary Public 02PI6155974
Anthony J. Pietrafesa
Qualified in Albany County
My Comm Exp 11/20/2018