UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA L. MIRANDA, on behalf of herself and all Others similarly situated,<br>　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>CACH LLC and DANIELS NORELLI SCULLY & CECERE, P.C.<br>　　　　　　　　Defendants. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO JOIN ADDITIONAL DEFENDANTS<br><br>Index No.: 15-CV-0627<br><br>Hon. Lawrence E. Kahn<br>Hon. Daniel J. Stewart |

## PRELIMINARY STATEMENT

Plaintiff, by and through counsel, Schlanger & Kakalec, LLP and Anthony J. Pietrafesa, submits this Memorandum of Law in support of Plaintiff's motion pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend her complaint and for leave under Fed. R. Civ. P. 20(a)(2) to join additional parties. The proposed Amended Complaint is attached as an Exhibit to the concurrently filed Affirmation of Daniel A. Schlanger, Esq. and is incorporated by reference.

## FACTS AND PROCEDURAL POSTURE

Plaintiff is a consumer who filed this class action on May 21, 2015 on behalf of herself and all others similarly-situated, to vindicate the rights of New York consumers who received false and deceptive state court summonses from the high-volume collection law firm of Daniels Norelli Scully & Cecere, P.C. ("DNSC") in state court consumer collection actions brought in this District. DNSC represented debt buyer CACH LLC, a wholly-owned and controlled subsidiary of defendant SquareTwo Financial Corporation, in these actions. Plaintiff seeks, for herself and for the class, damages and declaratory judgment for Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the New York General Business Law § 349 ("NYGBL § 349"). Defendant filed their Answer on August 14, 2015.

Pursuant to this Court's Order, amendment of pleadings and joinder deadlines are today, April 25, 2016.

Plaintiff's proposed First Amended Complaint seeks to add CACH LLC's parent company, Square Two Financial Corporation and its founders/principles, P. Scott Lowery and Paul A. Larkins to the Complaint and provides a detailed factual basis for their liability. Likewise, the proposed First Amended Complaint seeks to add Daniels Norelli principle James Scully, and provides the basis for his liability, as well.

## LEGAL AUTHORITY

*Amendment of Pleadings*

Pursuant to Fed. R. Civ. P. 15(a), "leave to [amend] shall be freely granted when justice so requires." Indeed, "[b]arring 'futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party,' leave should generally be granted." *Marcy v. Allegro Resorts Mktg., Inc.,* 14-CV-398, 2015 U.S. Dist. LEXIS 20234, *5 (N.D.N.Y Feb. 20, 2015) (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)); *see also Sims v. Electrolux Home Prods.*, 13-CV-0625, 2014 U.S. Dist. LEXIS 137022, *8 (N.D.N.Y Sept. 29, 2014).

In assessing the likelihood of prejudice, the court should consider whether the proposed amendment will "(i) require the opponent to expand significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993).

Further, any prejudice demonstrated "must be balanced against the court's interest in litigating all claims in a single action and any prejudice to the movant which would result from a denial of the motion." State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (E.D.N.Y.2007) (*quoting* Saxholm AS v. Dynal, Inc., 938 F.Supp. 120, 123 (E.D.N.Y. 1996)).

It is clear that "undue delay, bad faith, or dilatory motive" are not present with respect to the proposed Amended Complaint. The case is still in discovery, and this motion is filed within the time limit set by the Court for such motions. Similarly, there is no undue prejudice to Defendants should the Court allow the proposed amendment to the instant complaint.

Given the identity of interest between CACH and SquareTwo, SquareTwo and its principles have clearly been aware of and interested in this action from its beginning. Moreover, CACH has known for at least several months that Plaintiff was investigating adding its parent company, as this issue was discussed at a pre-trial conference.

Likewise, Daniels Norelli and its partners have been aware for several months that Plaintiff intended to add one or more of its individual partners in the event the matter was not quickly settled.

In determining whether a proposed amendment would be futile, "plaintiff must merely show that it has 'at least colorable grounds for relief.'" Shiah Yih Industries Co., Ltd. v. Sitco Importing Co., Inc., 1997 WL 304903 at *4 (S.D.N.Y. 1997) (*quoting* Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984)). "If … a proposed claim sets forth facts and circumstances that may entitle the pleader to relief, then futility is not a proper basis on which to deny the right to amend." *Taylor v. Goord*, 9-CV-1036, 2010 U.S. Dist. LEXIS 101057, *35 (N.D.N.Y Sept. 2, 2010) (citations omitted); *see also Sims*, 2014 U.S. Dist. LEXIS 137022, *8 ("Therefore a proposed amendment is not futile if it states a claim upon which

relief can be granted."). Plaintiff is well within this standard in the instant case, having alleged behavior all of which would trigger liability for all Defendants under the causes of action alleged.

*Joinder of Parties*

Joinder of parties – the new defendants included with Plaintiffs' proposed amended complaint – is also proper here. The relevant Federal Rules are Fed. R. Civ. P. 21 and Fed. R. Civ. P. 20(a), the latter of which

> provides a two prong test for determining whether the joinder of parties is proper. For joinder to be proper the parties joined must assert, or have asserted against them, a right of relief arising out of the same transaction or occurrence, or the same series of transactions or occurrences. In addition, there must be some question of law or fact common to all the parties. Fed. R. Civ. P. 20(a); see 7 Wright & Miller § 1653. The requirements of Rule 20 are to be given a liberal interpretation. *Vulcan Society v. Fire Dept. of City of White Plains*, 82 F.R.D. 379, 387 (S.D.N.Y. 1979).

*Kovian v. Fulton County Nat'l Bank & Trust Co.*, 1990 U.S. Dist. LEXIS 3526, *24-25 (N.D.N.Y Mar. 28, 1990).

"In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Klecher v. Metro. Life Ins. Co.*, 331 F. Supp. 2d 279, 2004 U.S. Dist. LEXIS 17405 (S.D.N.Y. 2004) (citing *Momentum Luggage and Leisure Bags v. Jansport, Inc.*, 2001 U.S. Dist. LEXIS 415, No. 00 Civ. 7909, *1-2 (S.D.N.Y. Jan. 23, 2001) (internal quotations omitted) (collecting cases)).

Here, the claims against SquareTwo, its principles, and Mr. Scully also arise out of the false and deceptive state court summons at issue. In addition, the questions of law and fact will be the same for the new defendants as for those defendants already in the action. For these reasons, the Court should allow the joinder of the additional parties here.

**CONCLUSION**

Based upon the foregoing, it is respectfully requested that Plaintiff's motion to amend and join additional parties be granted.

Dated: New York, New York
April 25, 2016

Respectfully Submitted,

*s/Daniel A. Schlanger*
Daniel A. Schlanger, Esq. (ds-9330)
Kakalec & Schlanger, LLP
85 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-2500-6114, ext. 101
Fax: 646-612-7996
Email: dschlanger@kakalec-schlanger.com

Anthony J. Pietrafesa Esq
721 University Building
120 East Washington Street
Syracuse NY 13202

*Attorneys for Plaintiff and the Putative Class*